IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMIAN HORTON; | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY TRIAL DEMAND |
| GLOBAL STAFFING SOLUTIONS LLC, | ) | |
| and FORREST BETHAY III; | ) | |
| | ) | COLLECTIVE ACTION |
| Defendants. | ) | |

Plaintiff Damian Horton, through undersigned counsel, hereby alleges as follows:

**THE PARTIES**

1. Damian Horton is an individual of the full age of majority and a resident of Jefferson Parish, Louisiana.

2. Global Staffing Solutions LLC ("Global Staffing"), is a Louisiana limited liability company with its domicile address located at 3300 Canal Street, Suite #200, New Orleans, Louisiana.

3. Forrest Bethay III is the owner, manager, and sole member of Global Staffing, and manages and supervises the company and its operations. On information and belief, Bethay resides and is domiciled within this District.

4. Global Staffing is currently not in good standing with the Louisiana Secretary of State, for failure to file its most recent annual report.

**JURISDICTION AND VENUE**

5. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Defendant's sole member resides within this District, and a substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court. 28 U.S.C. § 1391.

7. Defendant is engaged in commerce pursuant to 29 U.S.C. § 203(s).

8. Plaintiff's work for Defendant involves the packing of goods for shipment at the Port of New Orleans, and therefore affects interstate commerce.

9. Defendant's annual volume of sales made and business done has exceeded $500,000 for each year during the relevant time period.

10. Defendant qualifies as an enterprise pursuant to 29 U.S.C. § 203(r).

11. Bethay has the power to, and does, set company-wide pay practices and policies for Global Staffing, and otherwise exercises full control over the company.

## FACTUAL ALLEGATIONS

12. Plaintiff began working for Global Staffing on October 9, 2017.

13. Global Staffing is a staffing service which provides temporary, full-time, and contract labor for a variety of industries.

14. Plaintiff works under a contract between Global Staffing and an entity known as BRG. Plaintiff's job duties include packing goods for shipment to Puerto Rico to assist in disaster recovery.

15. Plaintiff was informed that he would be paid an hourly rate of $9 per hour, including overtime at a time-and-a-half rate.

16. Plaintiff's first day of work was on or about October 16, 2017. During his first workweek with Global Staffing, Plaintiff worked approximately 63 hours. Including overtime premiums, Plaintiff earned over $670 for that workweek.

17. Plaintiff did not receive a check on the next scheduled payday. Instead, he was told that he would receive his paycheck three weeks later.

18. Plaintiff continued working. He believed that he would receive his paycheck, even if it was somewhat delayed.

19. Plaintiff did not receive a paycheck as promised. He asked about the delay and was told that his check would be coming. Plaintiff has continued to perform work for Global Staffing to this day, despite Defendant's non-payment of wages.

20. On several occasions, Plaintiff called the Global Staffing main telephone number and attempted to speak with the HR department. The line to the HR department invariably goes straight to voice mail, where a recorded message states that the voice mail box is full.

21. Plaintiff's wife drove to Global Staffing's headquarters to ask about the paycheck, but was turned away at the gate by a security guard. The guard told her to go to another address to pick up the check. When she went to that location, she discovered that it was actually a restaurant.

22. Several of Plaintiff's co-workers have likewise complained about missing checks, or receiving checks that do not reflect all hours worked.

23. Plaintiff, like most of Defendant's employees, is a blue collar worker who relies on a regular, steady paycheck to meet his financial obligations. Plaintiff has worked for Global Staffing for over a month without receiving any pay whatsoever. This failure to timely and completely pay earned wages has seriously affected Plaintiff's ability to pay bills as they come due, including Plaintiff's electricity bill. As one court has noted:

> The [FLSA] is there to protect those who are receiving a minimum wage and are living from paycheck to paycheck. A delay of a few days or a week in the remittance of wages may only be a minor inconvenience to some, but for those at the lower end of the economic scale, even a brief delay can have serious and immediate adverse consequences.

*Gordon v. Maxim Healthcare Servs.*, 2014 U.S. Dist. LEXIS 95864, at *7 (E.D. Pa. July 15, 2014). That is precisely the case for Plaintiff, and the other members of this collective.

## COLLECTIVE ACTION CLAIMS

24. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Global Staffing within three years prior to the date of filing this lawsuit.

25. Plaintiff's story of missing and late paychecks is not unique. Based on the complaints Plaintiff has heard from others, it is Defendants' regular practice to delay sending paychecks, and to short employees' hours once payment is made.

26. The FLSA collective is defined as:

> All individuals employed by Global Staffing Solutions, LLC at any time between November 15, 2014 to the date of judgment in this action, who were not timely paid for all hours worked, including overtime and minimum wage.

27. Defendants' failure to timely pay the members of the collective for all hours worked constitutes a common practice, policy, or plan which violates the FLSA.

28. Plaintiff is similarly situated to the remaining members of the collective.

29. Plaintiff requests that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 206-207)

30. Plaintiff hereby realleges and reincorporates paragraphs 1-29.

31. The FLSA requires that employers pay nonexempt employees a minimum wage of at least $7.25 per hour, plus an overtime premium at a rate of at least one and one-half times their regular rate for all hours over forty in a workweek.

32. Defendants have not paid Plaintiff any of the wages due to him, including minimum

wage or overtime.

33. Defendants' nonpayment of minimum wage and overtime was willful and not based in a good faith belief that their conduct was in accordance with the law.

34. Plaintiff has therefore been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### BREACH OF IMPLIED CONTRACT / UNJUST ENRICHMENT

35. Plaintiff hereby realleges and reincorporates paragraphs 1-34.

36. Like Defendants' other employees, Plaintiff entered into an implied contract for the provision of services in exchange for regular pay.

37. Plaintiff performed services for Defendants pursuant to the terms of the contract.

38. Defendants have not paid Plaintiff pursuant to the terms of the implied contract.

39. In the alternative, Defendants' failure to pay for Plaintiff's labor has unjustly enriched it and impoverished Plaintiff, and Plaintiff is entitled to recover on a *quantum meruit* basis. There is no justification for Defendants' unlawful actions, and Plaintiff has no other adequate remedy at law for Defendants' nonpayment.

40. Defendants' unlawful actions have injured Plaintiff in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### LOUISIANA PAYDAY LAW (LA. REV. STAT. § 23:633)

41. Plaintiff hereby realleges and reincorporates paragraphs 1-40.

42. La. Rev. Stat. § 23:633 requires employers to set, and abide by, a regular payday. If an employer does not designate a payday, wages are due on the first and sixteenth of each month

43. Defendants' non-payment or late payment of wages to Plaintiff and the other members of the collective has violated this statute.

44. Defendants' unlawful actions have injured Plaintiff in an amount to be proven at trial.

45. Plaintiff also seeks statutory damages for Defendants' late payment pursuant to La. Rev. Stat. § 23:633.

46. Plaintiff hereby requests a trial by jury.

**WHEREFORE**, Plaintiff and the members of the collective respectfully pray for judgment as follows:

   a. That this case be allowed to proceed as a collective action;

   b. For an award of all unpaid wages and overtime according to proof;

   c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

   d. For statutory damages under Louisiana law;

   e. For an award of reasonable attorney's fees;

   f. For costs of suit;

   g. For injunctive and equitable relief as provided by law;

   h. For pre and post-judgment interest; and

   i. For such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Charles J. Stiegler
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., #104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

Justin Chopin, #31100
CHOPIN LAW FIRM LLC
650 Poydras Street
Suite 1550

New Orleans, LA 70130
(504) 323-5755 (telephone)
(504) 324-0640 (fax)
Justin@chopinlawfirm.com
ATTORNEYS FOR PLAINTIFFS