UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMIAN HORTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12609** |
| **GLOBAL STAFFING SOLUTIONS LLC ET AL** | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is Plaintiff's motion for conditional class certification. R. Doc. 12. Defendants respond in opposition. R. Doc. 13. The Court heard oral argument on the motion on February 28, 2018. Having reviewed the parties' memoranda, arguments, and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

Plaintiff Damian Horton alleges that he has worked for Defendant Global Staffing Solutions LLC ("GSS") since October 2017. R. Doc. 1 at 2. GSS is a Louisiana company that provides labor for a variety of industries. R. Doc. 1 at 2. Defendant Forrest Bethay, III is the owner, manager, and sole member of GSS. R. Doc. 1 at 1. Plaintiff alleges that Defendants have failed to pay him both regular and overtime wages. R. Doc. 1 at 4. Plaintiff also alleges that nonpayment and underpayment of wages is the general practice of Defendants and therefore brings this suit as a collective action under the FLSA. R. Doc. 1 at 4. Plaintiff alleges 1) violation of the FLSA, 2) breach of implied contract or unjust enrichment, and 3) violation of the Louisiana Payday Law. R. Doc. 1 at 4-5. Plaintiff asks for wages, overtime, and statutory damages. R. Doc. 1 at 4-5.

Defendant GSS timely answered the complaint. R. Doc. 9. Defendants generally deny

Plaintiff's claims. R. Doc. 9. Defendants also offer the following defenses: failure to state a claim, statute of limitations, ratification, failure to mitigate damages, and good faith. R. Doc. 9. Furthermore, Defendants allege that Plaintiff has no claim under the FLSA because he has received all wages due. R. Doc. 9 at 3. Defendants also assert that Plaintiff's Louisiana Payday Law claims are preempted by the FLSA. R. Doc. 9 at 5.

## II. PENDING MOTION

Plaintiff asks the Court to certify the case as a collective action under the FLSA. R. Doc. 12. Plaintiff alleges that his complaints that he failed to receive paychecks, had delayed paychecks, and has been misdirected by Defendants regarding how to obtain paychecks is not unique. R. Doc. 12-2 at 3, 6. Plaintiff alleges that other employees have also complained about this treatment. R. Doc. 12-2 at 3, 6. Plaintiff suggests that there is a collective of plaintiffs who are similarly situated because they are "all hourly non-exempt GSS employees and [were] subjected to the same pay policies and practices, including the untimely and incomplete payment of wages earned." R. Doc. 12-2 at 7.

Plaintiff also asks that the Court approve notice to the putative collective via regular mail, email, and text message. R. Doc. 12-2 at 7. Plaintiff further asks the Court to order Defendants to post notices at its locations. R. Doc. 12-2 at 7. Plaintiff suggests that the Court set and opt-in deadline of sixty (60) days after the date which notice is sent for employees to join the suit. R. Doc. 12-2 at 9. Finally, Plaintiff asks the Court to order Defendants to disclose names, contact information, and employment information for potential members of the collective within fourteen (14) days of an order on this motion. R. Doc. 12-2 at 9-10.

Defendants respond in opposition. R. Doc. 13. Defendants argue that the Court should not certify the class because it fails to meet the "similarly situated" standard, is not supported by

evidence, and individual issues predominate. R. Doc. 13. Defendant Global argues that the named Plaintiffs are different from its regular staff because Plaintiffs were hired for a short-term relief project. R. Doc. 13 at 3. Defendants also argue that online reviews are not sufficient evidence of numerosity because counsel does not have personal knowledge of the information in these reviews. R. Doc. 13 at 9. Finally, Defendants argue that even the named Plaintiffs complain of different issues because one alleges a delayed paycheck and three allege not receiving a paycheck at all. R. Doc. 13 at 11. Defendants argue that if the Court decides to certify a class it should be limited and narrowed to those similarly situated and with the same allegations as the named Plaintiffs. R. Doc. 13 at 12.

### III.   LAW & ANALYSIS

The FLSA provides workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *Anderson v. Cagle's Inc.,* 488 F.3d 945, 950 n.3 (11th Cir. 2007) (citing 29 U.S.C. § 216(b)). District courts have discretion to implement the collective action procedure by sending notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.,* 491 F. Supp. 2d 663, 667–68 (5th Cir. 2007). Notice must be "timely, accurate and informative." *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).

The Fifth Circuit has not yet established a legal standard for collective-action certification, but has affirmed two different approaches. *Portillo v. Permanent Workers, L.L.C.*, No. 15-30789, 2016 WL 6436839, at *2 (5th Cir. Oct. 31, 2016); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x

222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). One method for certifying collective-action claims involves a two-step "similarly situated" test, while the other is more akin to the standard for Rule 23 class actions. *Roussell*, 441 F. App'x at 226. In the present case, this Court finds it appropriate to apply *Mooney's* two-stage approach. *Mooney*, 54 F.3d at 1216.

Under this two-step process, the first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision whether notice should be given to potential class members based on the pleadings, affidavits, and any other evidence which has been submitted. *Id.* at 1213. Because the court has minimal evidence at this point, and plaintiffs seeking conditional certification are not required to identify other potential collective action members, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Id*. at 1214. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id*.

The second determination typically occurs after the defendant files a motion for "decertification" after discovery is largely complete. *Id*. At this stage, the court has substantially more evidence it can use in deciding whether the collective action members are similarly situated. *Id*. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. *Id*. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id*. The original plaintiffs can then proceed to trial on their individual claims. *Id*.

As this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in

should be given to potential class members. At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring, LLC*, No. 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016). "Although the standard for satisfying the first step is lenient . . . the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009) (quoting *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal quotations and citations omitted). To determine whether plaintiffs have submitted substantial allegations of a single plan, courts consider "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009); *see also Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *4 (E.D. La. Aug. 10, 2015) ("The plaintiff may satisfy this burden by submitting evidence in the form of pleadings, affidavits and other supporting documentation.").

Here, the Court finds that at this preliminary stage Plaintiff has met his limited burden. Plaintiff has submitted affidavits stating that he heard other potential plaintiffs complain of missing or delayed payment of wages. Plaintiff also calls the Court's attention to online reviews of Defendant where alleged employees make similar complaints. While Plaintiff would be on more solid ground for the next stage were he to have more evidence, the threshold for conditional certification of a collective class under the FLSA is minimal evidence and the Court believes that, at this stage, close calls should favor the plaintiff. This process is designed for the parties to use

the discovery period to acquire more evidence and the Court will entertain a motion to decertify the class should Defendants choose to bring one.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion, R. Doc. 12, to proceed as a collective action and for court-authorized notice to potential opt-in plaintiffs in this collective action under 29 U.S.C. § 216(b) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the class of potential opt-in plaintiffs entitled to notice is defined as:

> All individuals employed by Global Staffing Solutions, LLC at any time between November 16, 2014 and <u>sixty (60) days from the mailing of this notice</u>, who were not timely paid for all hours worked, including overtime and minimum wage; and

**IT IS FURTHER ORDERED** that the proposed revised "FLSA Notice" attached as an exhibit to Plaintiffs' Motion (R. Doc. 12-6) is approved except that section three shall be modified include the above amended class of potential opt-in plaintiffs; and

**IT IS FURTHER ORDERED** that no later than thirty (30) days after the date of this Order, Defendant shall produce to Plaintiff's counsel a complete list of all persons employed by GSS between November 16, 2014 and present, including their legal name, job title, address, telephone number, dates of employment, location of employment, and date of birth.

New Orleans, Louisiana, this 28th day of February, 2018.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE