IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMIAN HORTON; | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 17-12609 |
| | ) | |
| v. | ) | SECTION "L" |
| | ) | Judge Eldon E. Fallon |
| GLOBAL STAFFING SOLUTIONS LLC, | ) | |
| and FORREST BETHAY III; | ) | DIVISION (1) |
| | ) | Mag. Judge Janis Van Meerveld |
| Defendants. | ) | |

**MOTION TO SEAL SETTLEMENT AGREEMENT**

Plaintiff Damian Horton and Defendants Global Staffing Solutions LLC and Forrest Bethay III, all through undersigned counsel, respectfully request the Court seal that portion of the record concerning the settlement/compromise between the parties in the above-referenced matter. The parties to this action agree that the release agreement contains confidential and business information that is subject to the parties' agreed upon confidentiality provisions. The parties also agree that Defendant will suffer irreparable harm if the public is allowed to have free access to these documents. All parties have been consulted and are in agreement that this record should be sealed.

To demonstrate "good cause" to seal a document, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir.2002) ("good cause" standard applies to seal a confidential settlement agreement produced during discovery). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective

order is necessary." *Id.* at 1211 (trial court has broad discretion under Rule 26(c) "to issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden.'"). The documents at issue include the settlement agreement between the parties, and Defendants' financial reports, which were exchanged during the course of settlement negotiations. Defendants maintain that there exists no compelling reason why the public should have access these documents, given the inclusion of sensitive financial information. *See Gremillion v. Grayco Comm'ns Inc.*, 2:16-cv-09849-JVM (E.D. La. Aug. 23, 2018) (granting motion to seal Settlement Agreement in FLSA collective action); *Kearney v. Home Depot USA, Inc.*, 2:17-5806-NJB-JVM (E.D. La. Dec. 5, 2018) (same).

WHEREFORE, the parties respectfully request that this Honorable Court order that the record of the settlement/compromise reached between the parties in the above-captioned matter be sealed and that documents that are filed in connection therewith be kept under seal.

Respectfully Submitted,

/s *Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

Justin Chopin, #31100
CHOPIN LAW FIRM LLC
650 Poydras Street
Suite 1550
New Orleans, LA 70130
(504) 229-6681 (telephone)
(504) 324-0640 (fax)
Justin@ChopinLawFirm.com

ATTORNEYS FOR PLAINTIFFS

      and

CRAIG R. WATSON (T.A. #29473)
GUICE A GIAMBRONE, III (#25062)
AMANDA M. PLAISCIA (#35962)
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3057
cwatson@bluewilliams.com;
ggiambrone@bluewilliams.com
aplaiscia@bluewilliams.com

ATTORNEYS FOR DEFENDANTS